IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-CR-40021-01-MJR |
| ) | |
| DETRIC D. ROSEMAN ) | |
| (Inmate # 06290-025), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER
ON MOTION TO REDUCE SENTENCE**

**REAGAN, District Judge:**

In May 2005, Defendant Roseman pleaded guilty to Count 1 of the Fourth Superseding Indictment, charging him with conspiracy to distribute 50 grams or more of a mixture or substance containing cocaine base ("crack cocaine"), a violation of 21 U.S.C. § 841(a)(1). In October 2005, United States District Judge James L. Foreman sentenced Roseman to a 240 month term of imprisonment, a $1,000 fine, and a ten year term of supervised release. A review of the sentencing transcript (Doc. 282) reveals that at the time of sentencing, Roseman's Guidelines sentencing range was 210-262 months, but that the 240-month mandatory minimum sentence controlled (Doc. 282, pp. 39-40).

In November 2009, Defendant Roseman, proceeding *pro se*, filed what the Court has liberally construed as a motion seeking to reduce his sentence in accordance with 18 U.S.C. § 3582(c), based on Amendment 706 to the United States Sentencing Guidelines, which, in the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), reduced the offense levels applicable to certain crack cocaine offenses (Doc. 278).

1

By Order dated February 27, 2009, (Doc. 279), this Court appointed the Federal Public Defender's Office to represent Defendant Roseman on this motion, and Assistant Federal Public Defender Daniel Cronin entered an appearance on Roseman's behalf.  Attorney Cronin has now moved the Court to allow him and his office to withdraw from that representation, noting that "counsel can discern no non-frivolous basis for seeking relief for Mr. Roseman" (Doc. 302).  The motion further explains:

> 3. Mr. Roseman was sentenced to the mandatory minimum term of twenty years of imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. *See* PSR at ¶ 105.
>
> 4. The Seventh Circuit has held that "[n]othing in § 3582(c) permits a court to reduce a sentence below the mandatory minimum." *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009). Mr. Roseman is therefore ineligible for a retroactive sentence reduction under the statute and under U.S.S.G. § 1B1.10(a)(2) and App. n.1(A).

By Order dated June 6, 2012, the Court directed Defendant Roseman to show cause why the undersigned Judge should not grant attorney Cronin's motion to withdraw (Doc. 302) and deny Roseman's *pro se* motion to reduce sentence (Doc. 278).  A copy of the Order was mailed to Roseman's address of record, but it was returned as undeliverable.  Roseman has a duty to keep the Court apprised of his current address and apparently he has not done so.

As the Seventh Circuit Court of Appeals held in *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010), relief under § 3582(c)(2) "is not available when a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" Because Defendant Roseman was subject to the statutory mandatory minimum sentence of 240 months, that term became his sentencing range. *See* Doc. 195 (Plea Agreement §II, ¶1 acknowledging 20-year statutory minimum sentence); *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline

range, the statutorily required minimum sentence shall be the guideline sentence"). That statutory minimum remains unaffected; because of the operation of that statutory minimum, the applicable guideline range is unaltered.  Therefore, Roseman is not eligible for a reduction under § 3582(c)(2). This Court lacks subject matter jurisdiction to consider the reduction request. *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009).

For the reasons stated, the Court concludes that Mr. Cronin is entitled to withdraw as defense counsel, and Defendant Roseman is not eligible for relief under § 3582(c)(2). Accordingly, the Court GRANTS Daniel Cronin's motion to withdraw (Doc. 302) and DENIES Defendant Roseman's motion for sentence reduction under 18 U.S.C. § 3582 and resentencing (Doc. 278).

The Clerk of Court shall immediately mail a copy of this Order to Roseman at his address of record, as also reflected on page 3 of Doc. 302.  The Bureau of Prisons' on-line inmate locator indicates Roseman is now housed at the United States Penitentiary, Marion, Illinois; therefore, the Clerk shall also mail a copy of this Order to Roseman at that address.

**DATED:  July 27, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**